OPINION
Defendant Lacey Taylor appeals a judgment of the Municipal Court of Fairfield County, Ohio, convicting and sentencing him for one count of operating a motor vehicle with a prohibited level of blood alcohol in violation of R.C. 4511.19(A)(3), after appellant changed his plea of not-guilty to a plea of no-contest. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
Appellant was arrested on July 5, 2000, at approximately 11:45 p.m., in the village of Lithopolis. On November 16, 2000, defense counsel filed a motion to suppress evidence gathered at the arrest, arguing, among other things, non-compliance with Ohio Department of Health Regulations regarding the breath alcohol test. The trial court heard the motion on January 12, 2001. After Officer Wesley Barton of the Lithopolis Police Department testified, defense counsel withdrew his challenge to the evidence based on non-compliance with the Ohio Department of Heath Regulations. Defense counsel pursued the issues of reasonable articulable suspicion to stop, probable cause to arrest, and Miranda violations. Ultimately, the trial court overruled the motion to suppress in its entirety.
Appellant urges he was denied the effective assistance of trial counsel, because trial counsel withdrew the portion of the motion to suppress which contested the admissibility of the breath test.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test that requires an appellant to show both that counsel's representation fell below an objective standard of an essential duty to the client, and also that the sub-standard performance actually prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the two-prong test inState v. Bradley (1989), 42 Ohio St.3d 136. A defendant is not denied an effective assistance of counsel if his defense counsel chooses, for strategic reasons, not to pursue every possible trial tactic, State v.Brown (1988), 38 Ohio St.3d 305.
The basis of appellant's argument is the breath test was not administered in compliance with Ohio Department of Health Regulations, and if trial counsel had pursued this issue, the breath test would have been suppressed. Specifically, appellant alleges he had a portion of chewing tobacco in his mouth during the required 20 minute observation period prior to the test, and also during the breath test itself.
Appellant's allegations are completely outside the record and we cannot consider them. We are limited to the record upon appeal, and our review of the record leads us to the conclusion trial counsel was pursuing a strategic defense, and was not ineffective when he directed his efforts to the traffic stop and the circumstances surrounding the arrest. Because we find defense counsel's representation was not deficient, we find appellant was not denied his constitutional right to the effective assistance of counsel.
The assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. John F. Boggins, J. concur. Hon. William B. Hoffman, J., concurs separately.